AO 91 (Rev. 11/11) Criminal Complaint

14-065

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Kyle Jones | ) | Case No. 14-644M |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **December 17, 2013** in the county of _____ in the **Eastern** District of **Pennsylvania**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 1344 and 2 | Bank fraud and aiding and abetting |
| Title 18, United States Code, Sections 1028A and 2 | Aggravated identity theft and aiding and abetting |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

FBI SA Nolan Burke
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6-20-14

_____
*Judge's signature*

City and state: Philadelphia, PA

Honorable Jacob P. Hart
*Printed name and title*

*14-644M*

# AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Nolan Burke, having been duly sworn according to law, depose and say that the facts set forth in the foregoing affidavit are true and correct to the best of my information:

1. I am a Special Agent (SA) with the Philadelphia Division, Newtown Square Resident Agency (NSRA), Federal Bureau of Investigation (FBI), and have been employed as a Special Agent for four years. As a Special Agent, I am authorized to investigate violations of laws of the United States, and to execute arrest warrants under the authority of the United States.

2. Because this affidavit is being submitted for the purpose of securing applications for arrest warrants, I am not including each and every known fact to me but only those necessary to establish probable cause. The information in this affidavit is based on my interviews of witnesses, conversations with other law enforcement officials, the review of documents and other information obtained during the investigation.

3. The FBI is currently conducting an investigation of a multi-state, illegal check cashing group. Based on the investigation and information, I have learned that members of the group will target Caucasian females to steal their identifications, bank cards, and checkbooks from their parked cars. The group will then use the stolen identifications and bank information to present fraudulent checks at the victims' banks. Members of the illegal check cashing group also include white females who are recruited to present the fraudulent checks using the drive-through lanes at the banks.

4. I submit that based on the facts set forth below that probable cause exists to believe that on or about December 17, 2013, the defendant KYLE JONES committed bank fraud and aiding and abetting, in violation of Title 18, United States Code, Sections 1344 and 2, and aggravated

identity theft and aiding and abetting, in violation of Title 18, United States Code, Sections 1028A and 2.

5. On or about December 13, 2013, at approximately 2:45 p.m., victim L.D.'s identification and Citadel Federal Credit Union ("Citadel") check book were stolen from L.D.'s car which was parked at the Holy Angels School, Newark, Delaware. Also on December 13, 2013, at approximately 7:30 p.m., victim H.C.'s identification, including a Pennsylvania driver's license and TD Bank card, was stolen from H.C.'s car which was parked at the Kicks Academy of Dance, Glen Mills, Pennsylvania.

6. On or about December 17, 2013, a white male, later identified as defendant KYLE JONES drove a Nissan Maxima, bearing DE registration no. D48270, with a white female front seat passenger, to the drive-through lane of TD Bank, Governor's Square, Delaware. On behalf of the female passenger, defendant JONES presented check #511 drawn on the Citadel account of victim L.D. made payable to victim H.C. in the amount of $2,300. Defendant JONES provided victim H.C.'s Pennsylvania driver's license as proof of identification. The check was subsequently cashed.

7. On or about February 19, 2014, defendant KYLE JONES was arrested by the Delaware State Police for the fraudulent transaction described above and eleven other similar fraudulent transactions. Defendant JONES was given his *Miranda* warning which he waived. Defendant JONES admitted that he received stolen identifications and fraudulent checks from his boss to cash per his boss's instructions. Stolen identifications JONES's boss provided came from multiple states, including Pennsylvania, and the scheme was conducted throughout the "east coast,"

including Pennsylvania. Defendant JONES recruited young white women to cash the checks. Defendant JONES sometimes drove the women to the drive-through lanes at the banks to cash the checks. For his role, JONES stated that he received approximately 10% of the checks he cashed. JONES stated that he averaged cashing about 15 checks per day. He admitted to cashing approximately $50,000 worth of fraudulent checks at a number of banks, including TD Bank.

8. Surveillance from the TD Bank on December 17, 2013, depicted defendant KYLE JONES as the driver of the Nissan Maxima from where the fraudulent check described above was presented. TD bank is federally insured.

9. Based on the forgoing, I request that an arrest warrant be issued for defendant KYLE JONES for violations of 18 U.S.C. §§ 1344 and 2 (Bank Fraud and aiding and abetting) and 18 U.S.C. §§ 1028A and 2 (Aggravated Identity Theft and aiding and abetting).

Nolan Burke
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me
on this 20 day of June , 2014

Honorable Jacob P. Hart
United States Magistrate Judge

3